IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE SUBPOENA SERVED UPON THE CITY OF PRINCETON, TEXAS | § § § § § | Civil Action No. 4:23-mc-68-ALM-KPJ |

**OPINION AND ORDER**

Pending before the Court is Petitioner City of Princeton's ("Princeton") "Non-Party City of Princeton's Rule 45(d)(3) Objections and Motion to Quash and for Protective Order and Rule 45(d)(1) Motion for Sanctions on North Collin's Notice of Subpoena Duces Tecum to Testify at Deposition to City of Princeton, Texas with Court Where Compliance is Required – Eastern District, Sherman Division" (the "Motion") (Dkt. 1). Respondent North Collin Special Utility District ("North Collin SUD") filed a response (the "Response") (Dkt. 2).[1]

**I.  BACKGROUND**

The lawsuit underlying the instant matter is *North Collin Special Utility District v. Peter Lake, et. al.*, 1:21-cv-807, (W.D. Tex. Sept. 13, 2021) (the "W.D. Tex. Case"). The W.D. Tex. Case concerns land within North Collin SUD's Certificate of Convenience and Necessity ("CCN"). North Collin SUD claims it has the exclusive right to provide water service within its CCN if North Collin SUD has made service available within a reasonable amount of time after a request for service, which it claims it has done in this case. On June 30, 2021, Meritage Homes of Texas, LLC ("Meritage"), a property located with North Collin SUD's CCN, petitioned the Public Utilities Commission of Texas ("PUCT") under the Texas Water Code for streamlined expedited

---

[1] Docket 2 contains a response to the Motion (Dkt. 1) and a motion to compel. *See generally* Dkt. 2. The Local Rules of the Eastern District of Texas require that each pleading, motion, or response to a motion must be filed as a separate document, except for motions for alternative relief. *See* LOCAL RULE CV-7(a). To the extent a party re-urges its motion(s), each motion must be filed as a separate document, except for motions for alternative relief. Further, the Court advises a party re-urging its motion to set forth the basis for this Court's jurisdiction to grant the requested relief.

1

release of its property from North Collin SUD's CCN. On September 13, 2021, while the petition for decertification was pending before the PUCT, North Collin SUD sued Meritage and the PUCT Commissioners in their official capacities to enjoin the PUCT from granting Meritage's petition, as violative of 7 U.S.C. § 1926(b) and the Supremacy Clause of the U.S. Constitution. Additionally, North Collin SUD seeks to prevent the PUCT from prospectively enforcing any unlawful order that the PUCT may issue decertifying Meritage's land from North Collin SUD's CCN. On January 3, 2023, North Collin SUD brought suit in the Eastern District of Texas against Princeton. *See North Collin Special Utility District v. City of Princeton, Texas*, 4:23-cv-00002 (E.D. Tex. Jan. 3, 2023) (the "E.D. Tex. Case").

During discovery in the W.D. Tex. Case, North Collin SUD learned that Meritage entered into a development agreement with Princeton, wherein Princeton agreed to provide water service to Meritage. Thereafter, North Collin SUD served a subpoena (the "Subpoena") on third-party Princeton, which commanded a corporate representative of Princeton to appear for a deposition at the North Collin SUD offices, located at 2333 Sam Rayburn Hwy., Melissa, Collin County, Texas 75454, which is located in the Eastern District of Texas. The Subpoena also commanded the corporate representative to bring certain documents to the deposition. Because the place of compliance with the Subpoena is located within the Eastern District of Texas, this Court has jurisdiction over the Motion to Quash (Dkt. 1). *See* FED. R. CIV. P. 45(d)(3)(A) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena . . . ."). The instant matter was assigned to United States District Judge Amos L. Mazzant, III and referred to the undersigned. *See* Dkt. 5.

In the Motion (Dkt. 1), Princeton argues the Subpoena should be quashed because the Subpoena fails to provide Princeton a reasonable time to comply, fails to provide Princeton

2

sufficient time to review documents and make objections on the grounds of privilege, and subjects Princeton to undue burden. *See* FED. R. CIV. P. 45(d)(3)(A)(i), (iii), (iv). *See* Dkt. 1 at 3–7. Further, Princeton argues the Subpoena should be quashed pursuant to the first-to-file rule and because Princeton's corporate representative is immunized by legislative immunity from testifying regarding the topics in the Subpoena. *See id.* at 6–7, 8–10. North Collin SUD responds that Princeton has failed to satisfy its burden regarding its Rule 45(d)(3)(A) objections. *See* Dkt. 2 at 9–10. Further, North Collin SUD responds that the first-to-file rule is irrelevant to the issue of whether the Subpoena should be quashed, and that legislative immunity does not apply to a deposition of a corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). *See id.* at 10–11. On March 30, 2023, the Court held a hearing on the Motion (Dkt. 1) (the "Hearing"). *See* Minute Entry for March 30, 2023.

## II.   ANALYSIS

### A.  Meet and Confer

In the Response (Dkt. 2), North Collin SUD asserts that prior to filing the Motion (Dkt. 1), Princeton did not meet and confer with North Collin SUD (Dkt. 1). *See* Dkt. 2 at 5. Further, North Collin SUD contends it contacted counsel for Princeton to inquire whether Princeton would accept service of the Subpoena; however, counsel for Princeton did not respond to the inquiry. *See id.* at 4 n.2.

A "meet and confer" for opposed motions is required by the Local Rules of the Eastern District of Texas. *See* LOCAL RULE CV-7(h). Local Rule 7(h) provides:

> For opposed motions, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant. In any discovery-related motion, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between the lead attorney and any local counsel for the movant and the lead attorney and any local counsel for the non-movant.

3

> In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position.
>
> In discovery-related matters, the discussion shall consider, among other things: (1) whether and to what extent the requested material would be admissible in a trial or is reasonably calculated to lead to the discovery of admissible evidence; (2) the burden and costs imposed on the responding party; (3) the possibility of cost-shifting or sharing; and (4) the expectations of the court in ensuring that parties fully cooperate in discovery of relevant information.
>
> Except as otherwise provided by this rule, a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve. Good faith requires honesty in one's purpose to discuss meaningfully the dispute, freedom from intention to defraud or abuse the discovery process and faithfulness to one's obligation to secure information without court intervention. For opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith. Such materials, however, may be used to show bad faith of the author.
>
> An unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action. A party may file an opposed motion without the required conference only when the non-movant has acted in bad faith by failing to meet and confer. The procedural requirement of the "meet and confer" rule is one of certification. It appears in Section (i) of this rule, entitled "Certificates of Conference."

*Id.*

The Court takes seriously the obligation of attorneys appearing before it to comply with the Local Rules of this District, particularly Local Rule 7(h); the Court "will not allow parties to ignore its Local Rules without explanation." *Konami Digital Ent. Co. v. Harmonix Music Sys., Inc.*, No. CIV.A. 6:08CV286, 2009 WL 3448148, at *3 (E.D. Tex. Oct. 22, 2009) (denying a motion, without reaching the motion's merits, for a party's failure to comply with Local Rules CV-7(h) and (i)). Not only did Princeton not attempt to confer with North Collin SUD prior to filing

the Motion, Princeton also seeks sanctions related to the breadth of the Subpoena. *See* Dkt. 1 at 10–11. Before the parties have met and conferred, it is not a productive use of the Court's time to decide a motion to quash. It is particularly inappropriate for a party to file a motion for sanctions, related to the breadth of a subpoena, without first meeting and conferring with the opposing party. The Court is confident that the attorneys are fully capable of, at a minimum, narrowing the scope of the disputes presently before the Court with a professional conversation regarding the issues and relevant case law.

### B. Categorical Arguments

#### 1. *First-to-File Rule*

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "'When related cases are pending before two federal courts,' the first-to-file rule generally allows 'the court in which the case was last filed to refuse to hear it if the issues raised by the cases substantially overlap.'" *In re: Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *5 (E.D. Tex. Oct. 21, 2020) (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011) (brackets omitted)).

Princeton argues the W.D. Tex Case and E.D. Tex Case substantially overlap, and thus, application of the first-to-file rule is appropriate. North Collin SUD argues the first-to-file rule is irrelevant to the Subpoena. North Collin SUD is correct. The Subpoena is pursuant to the W.D. Tex. Case; for purposes of the Motion, there is no second case to which the first-to-file rule could be applicable. Princeton has argued in its motion to dismiss in the E.D. Tex. Case that the first-to-

file rule applies. *See* E.D. Tex. Case, Dkt. 12. The E.D. Tex. Case, which is the second filed action, is the appropriate case in which to bring such an argument.

2. *Legislative Immunity*

In Texas, "individuals acting in a legislative capacity are immune from liability for those actions." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004) (citation omitted). "Legislative immunity applies to legislators at the federal, state, regional, and local levels of government . . . who are performing 'legitimate legislative functions.'" *Id.* (citing *Bogan v. Scott–Harris*, 523 U.S. 44, 53 (1998)). "An action is legislative in nature when it reflects a discretionary, policymaking decision of general application, rather than an individualized decision based upon particular facts." *In re Perry*, 60 S.W.3d 857, 860 (Tex. 2001) (citations omitted). "[Legislative] immunity applies to activities, not offices." *Bryan v. City of Madison*, 213 F.3d 267, 272 (5th Cir. 2000) (citing *Marrero v. City of Hialeah*, 625 F.2d 499, 508 (5th Cir. 1980) ("[I]t is the official function that determines the degree of immunity required, not the status of the acting officer.")).

The "Areas of Subject Matter of Testimony" topics of the Subpoena largely relate to Princeton's providing water to Meritage and details surrounding a contract between Princeton and Meritage to provide Meritage water. *See* Dkt. 1-1 at 9–11. In their filings, the parties do not address whether such actions are "legislative", and accordingly, whether a government member involved in such actions would have legislative immunity when testifying about them.[2] As discussed at the Hearing, if necessary, the Court will order supplemental briefing on this narrow issue.

---

[2] In the Motion (Dkt. 1), Princeton argues that annexation is a legislative function and that no member of Princeton's city council would be competent to testify regarding the same. *See* Dkt. 1 at 9 ("No single member of Princeton's city council can testify regarding the City's purposes, plans or motives related to its legislative decision to annex territory."). However, most of the "Areas of Subject Matter of Testimony" are not related to annexation. *See* Dkt. 1-1 at 9–11.

### III.   CONCLUSION

Upon consideration, and for the reasons stated on the record at the Hearing, **IT IS ORDERED** that by **April 3, 2023**, the parties shall meet and confer, in accordance with the requirements of Local Rule 7(h), regarding the Motion (Dkt. 1), and file a status report regarding the status of the Motion (Dkt. 1).

**So ORDERED and SIGNED this 31st day of March, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE